**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENSHU JIN; ZHELONG JIN, | No. 09-72127 |
| Petitioners, | Agency Nos.     A097-857-846 |
| | A097-857-847 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2014[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Petitioner Renshu Jin, a native and citizen of China who is of Korean

ethnicity, appeals the decision of the Board of Immigration Appeals ("BIA")

affirming the decision of an immigration judge ("IJ") denying her application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal and protection under the Convention Against Torture ("CAT").

The BIA ruled her asylum application was untimely. We have jurisdiction to review the timeliness determination when any view of the historical facts necessarily proves that the asylum application was timely filed. *Khunaverdiants v. Mukasey*, 548 F.3d 760, 765 (9th Cir. 2008).

Although the testimony about her arrival in the United States may not have been credible, the IJ explicitly found that the rest of Jin's testimony was credible. The record as a whole compels the conclusion that Jin's asylum application was timely filed. That record includes testimony of Jin being arrested and beaten in August 2003 and reporting to the police from September to November 2003. Because Jin filed her asylum application in February 2004, her credible testimony about her experiences in China after February 2003 necessarily means she was in China until sometime after February 2003. Therefore her application was filed within one year of arrival.

The BIA's determination that the harm suffered by Jin did not rise to the level of persecution is not supported by substantial evidence. Jin credibly testified she was detained for five days, interrogated three times, beaten with an electric baton on two occasions, leading to a wound that still gives her pain, and, on one

2

occasion, slapped repeatedly on her head and ear, leading to temporary hearing loss.  She was forced to promise that she would no longer attend her church or practice Christianity.  She lost her job as a result of being arrested.  She was required to report to the police station once a week and be lectured on giving up the practice of Christianity.  Such evidence compels the conclusion that Jin's treatment by police rose to the level of persecution.  Jin's treatment by police is very similar to that found to constitute persecution in other cases.  *See, e.g.*, *Guo v. Ashcroft*, 361 F.3d 1194, 1198, 1203 (9th Cir. 2004); *Quan v. Gonzales*, 428 F.3d 883, 888–89 (9th Cir. 2005).

The evidence similarly compels the conclusion that the persecution was on the basis of a protected ground, i.e., her religion.

Petitioner is therefore entitled to a presumption of future persecution and the government must have the opportunity to rebut that presumption.

Petitioner's CAT claim was waived.

Petition is **GRANTED** in part, **DENIED** in part and **REMANDED**.

Costs to Petitioner.